Jon B. Fougner (State Bar No. 314097)
jon@fougnerlaw.com
600 California Street, 11th Floor
San Francisco, California 94108
Telephone: (415) 577-5829
Facsimile: (206) 338-0783

[Additional counsel appear on signature page]

*Attorneys for Plaintiff David Escobar and the*
*Proposed Class*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| DAVID ESCOBAR, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>COMCAST CORPORATION and COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR INJUNCTION AND DAMAGES**<br><br>**Class Action**<br><br>**JURY TRIAL DEMAND** |

Plaintiff David Escobar, by his undersigned counsel, for this class action complaint against Defendants Comcast Corporation and Comcast Cable Communications Management, LLC (collectively "Defendant" or "Comcast") and their present, former, and future direct and indirect parent companies, subsidiaries, affiliates, agents, and related entities, alleges as follows:

## I.    INTRODUCTION

1.    <u>Nature of Action</u>: This case arises from Defendant's non-consensual recording of cellular communications in violation of the California Invasion of Privacy Act ("CIPA"), Cal. Penal Code § 632.7.

## II.    PARTIES

2.   Plaintiff is a natural person.

3.   Plaintiff resides in Alameda County, California.

4.   Comcast Corporation is a corporation.

5.   Comcast Corporation is a Delaware corporation.

6.   Comcast Corporation's principal place of business is 1 Comcast Center, Philadelphia, Pennsylvania 19103.

7.   Comcast Cable Communications Management, LLC is a limited liability company.

8.   Comcast Cable Communications Management, LLC is a Delaware limited liability company.

9.   Comcast Cable Communications Management, LLC's principal place of business is 1 Comcast Center, Philadelphia, Pennsylvania 19103.

## III.    JURISDICTION AND VENUE

10. Jurisdiction: This Court has CAFA jurisdiction over this case. The amount-in-controversy requirement is satisfied because, as set forth more fully herein, CIPA provides for $5,000 in statutory damages per violation, and more than 1,000 violations are alleged. *See* 28 U.S.C. § 1332(d)(2). The minimum-diversity requirement is satisfied because Plaintiff and putative class members are citizens of California whereas Defendants are citizens of Delaware and Pennsylvania. *See id.* § 1332(d)(2)(A).

11. Personal Jurisdiction: This Court has personal jurisdiction over Defendants because their conduct at issue intentionally targeted Plaintiff, a California resident, while he was in California, while he was using his cellular telephone number, which, as Defendants knew, bears a California area code.

12. Defendant claims: "Comcast is deeply committed to California, where our nearly 5,000 employees serve more than 3 million customers throughout the state."

13. The claims alleged herein arose in the course of Defendant's trying to win customers in California, including Plaintiff.

14. <u>Venue</u>: Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1)-(2) because a substantial part of the events giving rise to Plaintiff's claims—namely, the illegal recording of Plaintiff—occurred in this District.

15. <u>Intradistrict Assignment</u>: Assignment to this Division is proper pursuant to Civil Local Rule 3-2(c) because a substantial part of the events or omissions that give rise to Plaintiff's claims—namely, the illegal recording of Plaintiff —occurred in Alameda County.

## IV.    FACTS

### A.    California's Ban on Nonconsensual Recording of Calls with Cellular Telephones

16. <u>The Right of Privacy</u>: The California State Legislature passed CIPA in 1967 to protect the right of privacy of the people of California. Secret recording "can warrant the imposition of criminal penalties, suggesting the California legislature, and perhaps an ordinary person, would view it to be highly offensive." *Safari Club Int'l v. Rudolph*, 845 F.3d 1250, 1267 (9th Cir. 2017). "In enacting the Privacy Act, the Legislature declared in broad terms its intent to protect the right of privacy of the people of this state from what it perceived as a serious threat to the free exercise of personal liberties that cannot be tolerated in a free and civilized society." *Flanagan v. Flanagan*, 41 P.3d 575, 581 (Cal. 2002) (internal quotation marks and alteration marks omitted). Accordingly, "courts are required to liberally construe section 632 to effectuate the important public policy ensuring telephonic privacy." *Kight v. CashCall, Inc.*, 179 Cal. Rptr. 3d 439, 454 (4th App. Dist. 2014).

17. <u>Constitutional Roots</u>: Californians have a constitutional right to privacy. The California Supreme Court has linked the constitutionally protected right to privacy with the intent and provisions of CIPA.

18. <u>Updated for Cell Phones</u>: California Penal Code section 632.7 was added to CIPA in 1992. Section 632.7 prohibits intentionally recording communications involving cellular or cordless telephones, in the absence of the consent of all recorded parties.

19. <u>No Retroactive Consent</u>: California Penal Code section 632.7 is violated the moment a recording of a cellular or cordless conversation is made without the consent of all parties thereto, regardless of whether recordation is subsequently disclosed or consented to.

**B.   Plaintiff**

20. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

21. He is the user of a phone number that begins "(510) 390" (the "Phone Number"). All calls to or from him referenced herein were, respectively, to or from the Phone Number.

22. The Phone Number is assigned to a cellular telephone service.

23. Plaintiff doesn't use a wireline to make calls from or receive calls on the Phone Number.

**C.   Defendant's Surreptitious Recording of Plaintiff on January 24, 2019**

24. Defendant advertises (800) 934-6489 as its primary customer service phone number.

25. On January 24, 2019, Plaintiff called Defendant at (800) 934-6489.

26. The purpose of the call was to learn about Defendant's internet and cable television offerings.

27. During the call, Plaintiff learned that Defendant's services would be more expensive then his current competing services from another provider. Plaintiff decided not to sign up for Defendant's services.

28. The call lasted 18 minutes.

29. Plaintiff did not consent to or know of any recording of the call.

30. Defendant recorded the call.

31. Defendant has a pattern and practice of recording every call to or from (800) 934-6489, even calls to or from cellular telephones in California.

32. Defendant has a pattern and practice of failing to disclose upfront or obtain prior consent to its recordation of calls to or from (800) 934-6489, even calls to or from cellular telephones in California.

**D.   Defendant's Surreptitious Recording of Plaintiff on January 29, 2019**

33. On January 29, 2019, Defendant called Plaintiff from (800) 266-2278 at the Phone Number to try to sell him its services.

34. Plaintiff did not purchase its services.

- 4 -
COMPL.
*Escobar v. Comcast Corp.*

35. The call lasted 4 minutes.

36. Plaintiff did not consent to or know of any recording of the call.

37. Defendant recorded the call.

38. Defendant has a pattern and practice of recording every call to or from (800) 266-2278, even calls to or from cellular telephones in California.

39. Defendant has a pattern and practice of failing to disclose upfront or obtain prior consent to its recordation of calls to or from (800) 266-2278, even calls to or from cellular telephones in California.

**E.    The Invasion of Privacy Caused by Defendant's Secret Recording**

40. Defendant's secret recording invaded the privacy of Plaintiff and putative class members.

41. Defendant's secret recording is offensive to Plaintiff and putative class members.

42. The risks of harm threatened by Defendant's secret recording of consumers' voices are sharpened by the increasingly widespread use of voice recognition to safeguard financial assets. *See Updated Investor Bulletin: Protecting Your Online Investment Accounts from Fraud*, U.S. Securities and Exchange Commission (Apr. 26, 2017), https://www.sec.gov/oiea/investor-alerts-bulletins/ib_protectaccount.html.

43. The risks of harm threatened by Defendant's secret recording of consumers' voices are sharpened by the burgeoning application of artificial intelligence to voice recordings in order to impersonate executives and in order to commit fraud. *Fake Voices "Help Cyber-Crooks Steal Cash,"* BBC News (July 8, 2019), https://www.bbc.com/news/technology-48908736 ("Symantec said it had seen three cases of seemingly deepfaked audio of different chief executives used to trick senior financial controllers into transferring cash.")

**V.    CLASS ACTION ALLEGATIONS**

44. <u>Class Definition</u>: Pursuant to Federal Rules of Civil Procedure 23(b)(2) and (b)(3), Plaintiff brings this case on behalf of a putative class defined as follows: All persons with whom:

    a.    Defendants, any of them and/or a third party acting on any of their behalf participated in a phone call;

 b.   which call was recorded by Defendants, any of them and/or a third party acting on any of their behalf;

 c.   while the person was on a cellular telephone to which a phone number bearing a California area code was then assigned;

 d.   during the period that begins one year before the filing of the original complaint in this action and ends on the first day of trial.

45. Plaintiff is a member of the class.

46. <u>Exclusions</u>: Excluded from the class are Defendants, any entity in which Defendants (or any of them) have a controlling interest or that has a controlling interest in Defendants (or any of them), Defendants' legal representatives, assignees, and successors, the judges to whom this case is assigned, and the employees and immediate family members of all of the foregoing.

47. <u>Numerosity</u>: The class numbers in the thousands, at least.

48. There are more than 39 million Californians.

49. Defendant's customers are frequently displeased with its service. Accordingly, a significant fraction of them call Defendant.

50. <u>Commonality</u>: The questions and answers that will resolve Plaintiff's dispute with Defendant are the same as those that will resolve putative class members' disputes with Defendant. These common questions of law and fact include, but are not limited to, the following:

 a.   Did putative class members have phone conversations with Defendant?

 b.   Were putative class members on their cellular telephones during their conversations with Defendant?

 c.   Does Defendant have a pattern and practice of recording calls?

 d.   Does Defendant have a pattern and practice of failing to obtain prior consent to the recordation of calls?

 e.   Should Defendant be enjoined from secretly recording Californians on their cellular telephones?

51. <u>Typicality</u>: Plaintiff's claims are typical of the claims of the class. His claims and those of the class arise out of the same automated, script-based, and rule-based course of conduct by Defendant and are based on the same legal and remedial theories.

52. <u>Adequacy</u>: Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained competent and capable counsel experienced in consumer-privacy class-action litigation. Plaintiff and his counsel are committed to prosecuting this action vigorously on behalf of the class and have the financial resources to do so. The interests of Plaintiff and his counsel are aligned with those of the proposed class.

53. <u>Superiority</u>: The common issues arising from this conduct that affect Plaintiff and members of the class predominate over any individual issues, making a class action the superior means of resolution. Adjudication of these common issues in a single action has important advantages, including judicial economy, efficiency for class members, and classwide *res judicata* for Defendant. Classwide relief is essential to compel Defendant to comply with CIPA.

a.    <u>Control</u>: The interest of individual members of the class in individually controlling the prosecution of separate claims against Defendant is small because the damages in an individual action are dwarfed by the cost of prosecution.

b.    <u>Litigation</u>: On information and belief, putative class members' claims at issue are not already being litigated.

c.    <u>Forum</u>: The forum is a desirable, efficient location in which to resolve the dispute because the Court is familiar with California law, including CIPA, and experienced in managing class actions.

d.    <u>Difficulties</u>: No significant difficulty is anticipated in the management of this case as a class action. Management of the claims at issue is likely to present significantly fewer difficulties than are presented in many class actions because CIPA articulates bright-line rules for liability and damages.

54. <u>Appropriateness</u>: Defendant has acted on grounds generally applicable to the class, thereby making final injunctive relief and corresponding declaratory relief appropriate on a classwide basis.

## VI.    FIRST CLAIM FOR RELIEF
### (Violations of the California Invasion of Privacy Act, Cal. Penal Code § 632.7)

55. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

56. Defendants violated CIPA, Cal. Penal Code § 632.7, by recording cellular telephone communications with Plaintiff and members of the class without their consent.

57. Plaintiff and members of the class are entitled to and seek an award of $5,000 in damages for each such violation.

58. Plaintiff and members of the class seek an injunction prohibiting Defendants and all other persons who are in active concert or participation with them violating CIPA, Cal. Penal Code § 632.7, by recording cellular telephone communications with Californians without their consent.

## VII.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on his own behalf and on behalf of all members of the class, prays for judgment against Defendants as follows:

A.    Certification of the proposed class;

B.    Appointment of Plaintiff as representative of the class;

C.    Appointment of the undersigned counsel as counsel for the class;

D.    A declaration that actions complained of herein violate CIPA;

E.    An order enjoining Defendants and all other persons who are in active concert or participation with them from engaging in the conduct complained of herein;

F.    An award to Plaintiff and the class of damages, as allowed by law;

G.    An award to Plaintiff and the class of costs and attorneys' fees, as allowed by law, equity and/or California Code of Civil Procedure section 1021.5;

H.    Leave to amend this complaint to conform to the evidence presented at trial; and

I.    Orders granting such other and further relief as the Court deems necessary, just, and proper.

# VIII.     DEMAND FOR JURY

Plaintiff demands a trial by jury for all issues so triable.

# IX.     SIGNATURE ATTESTATION

The CM/ECF user filing this paper attests that concurrence in its filing has been obtained from each of its other signatories.

RESPECTFULLY SUBMITTED AND DATED on August 9, 2019.

By: */s/ Jon B. Fougner*
Jon B. Fougner

Anthony I. Paronich, *Pro Hac Vice Forthcoming*
anthony@paronichlaw.com
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, Massachusetts 02043
Telephone: (617) 738-7080
Facsimile: (617) 830-0327

Samuel J. Strauss, *Pro Hac Vice Forthcoming*
sam@turkestrauss.com
TURKE & STRAUSS LLP
613 Williamson Street, Suite 201
Madison, Wisconsin 53703
Telephone: (608) 237-1775
Facsimile: (608) 509-4423

*Attorneys for Plaintiff David Escobar and the
Proposed Class*